George .Andrews, J.,
delivered the opinion of the Court.
The firm of Fellows & Co., doing business in New Orleans, was indebted to Jones, Brown & Co., of Memphis, in a large sum. Fellows & Co., held a note made by E. P. Stewart, payable to their order, for the sum of $5,405.75. E. P. Stewart was dead, and his estate proving insolvent, was being administered as an insolvent estate, in the Chancery Court of Memphis, upon a bill filed by his administrator for that purpose. Notice was duly given in that suit, for *469 creditors to appear, and present and prove their claims against the insolvent estate.
Fellows & Co., having placed their note against E. P. Stewart, in the hands of John G. Finnie, an attorney, for collection, said Finnie filed a petition in the administration suit, in the name of. Fellows & Co., for payment of the note, and filed the note as evidence in the cause. The claim of Fellows & Co., was resisted by the administrators, but the Clerk and Master allowed the claim in his report, and the report was finally confirmed by decree of the Chancery. Court.
Fellows & Co., wrote to their attorney, John G. Finnie, who had in his control as attorney, the note of E. P. Stewart, deceased, to pay over the proceeds of the same, when collected, to Jones, Brown & Co., upon the debt due to the latter firm, and which debt exceeds the amount due upon the note of Stewart. This letter was delivered by Fellows & Co., to Jones, Brown & Co., who presented it to Finnie, and Finnie thereupon promised Jones, Brown & Co., to obey the request made in the letter, and to pay over the proceeds of the note to them when collected.
At the time of the acceptance of this order by Finnie, the note of Stewart- had been filed in the Chancery Court, but the record does not show whether it had at that time been acted upon by the Clerk & Master, or finally allowed by the Court.
ISTo notice of the assignment of the proceeds of the note by Fellows & Co., to Jones, Brown & Co., was given to the administrators of Stewart, or to the Clerk & Master; and no notice of this change of in *470 terest, was taken in the proceedings in the Chancery Court. It does not conclusively appear, that either the administrators of Stewart, or the Gayoso Savings Institution, had any knowledge of the assignment to Jones, Brown & Co.
After the assignment to Jones, Brown & Co., and after the claim of Fellows & Co., against the estate of E.- P. Stewart had been reported by the Clerk & Master, and allowed by the order of the Chancery Court, the Gayoso Savings Institution filed a bill in the Chancery Court of Memphis, alleging that Fellows & Co. were largely indebted to the Institution, making Fellows & Co., and the administrators of Stewart, parties defendant, and seeking to attach the amount coming to Fellows & Co., from the estate of Stewart, for the satisfaction of its debt.
The question now to be decided, is, whether Jones, Brown & Co., by virtue of their equitable assignment of the debt due from the estate of E. P. Stewart to Fellows & Co., or the Gayoso Savings Institution by virtue of its subsequent attachment against the same debt, have the prior claim upon the moneys due from the estate of Stewart to Fellows & Co.
It - was held in the case of Coldfelter vs. Cox, 1 Sneed, 330, that an assignment of a judgment at law was incomplete and invalid, as against a subsequent attaching creditor, unless notice of the assignment were given to the judgment debtor.
Judge McKinney, who delivered the opinion of the • Court in that case, states correctly, that the law is settled -in England in accordance with that decision, *471 and tbat tbe same doctrine is held in several of the States of the Union, but that the weight of American authority is against it. Though the doctrine is expressly laid down in that case, it was unnecessary, as the court held that under the existing law of this State, a judgment debtor was not liable to the process of attachment by garnishment, adopted in that case. But it is not necessary now to question the correctness of that decision.
The English rule is one of comparatively recent origin, and is founded directly upon á construction of .their bankrupt laws.
Since the case of Coldfelter vs. Cox, however, it has been established, that notice to the debtor is not necessary in the cases where instruments which are negotiable, or assignable at common law, or by statute, are assigned so as to pass the legal title: Mutual Pro. Ins. Co. vs. Hamilton, 5 Sneed, 269. In Sugg vs. Powell, 1 Head, 221, the same ruling was made; and it would appear from the report of that case, that the assignment must have been of a. character which did not transfer the legal title to the note assigned, though it is not distinctly so stated. In Mayor vs. Pulliam, 2 Head, 346, the question of the necessity of notice to the debtors, of the assignment of notes, and other choses in action, was expressly reserved by the court as not being necessary to a decision.
Whatever may be the law in regard to the' necessity for notice to the debtor, in the case of the assignment of a judgment at law, we have no hesitation in holding that such notice is not necessary, where a bond, bill, *472 note, or like evidence of debt, is assigned, and is transferred by actual manual delivery to tire assignee; and this, whether the legal title in the instrument passed by the assignment or not.
I would apply the same rule to .the assignment of a chose in action, which is applied to the transfer of chattels generally; which is, that as between the as-signee and an attaching creditor, or a subsequent purchaser in good faith and. without notice, the assignment prima fade is void if the possession and apparent ownership have been left with the assignor, so that he is enabled to hold himself out to the world as the true owner. In such a case, the retention by the assignor of the indicia of ownership, is regarded as evidence of fraud, as against creditors and purchasers in good faith, and without notice.
If, by reason of the Avant of notice of the assignment, the debtor has, in good faith, paid the debt to the assignor, or has submitted to a judgment in garnishment in favor of another creditor, he must be protected upon the above principles.
What acts on the part of the assignor and assignee, shall be sufficient to place the chose beyond the power of the assignor, so as to complete the transfer as to third parties, must depend upon the nature of the particular case. If the debt be represented by a note, bond, or other written evidence of debt, whether negotiable or not, it would ordinarily be sufficient to deliver the instrument to the assignee at the time of the assignment. If the assignor of the bond or note, has actually delivered the instrument to the assignee, he has *473 done all in Ms power to signify Ms intention to part with the control over it; and this act as completely denudes the assignor of the indicia of ownership, as the delivery does in the case of the assignment of a personal chattel. If the note or other instrument were in the hands of an attorney or agent, notice to the attorney or agent, and his undertaking to hold it thenceforth as the agent of the assignee, would be equivalent to the actual delivery of the instrument; and perhaps the transfer of the attorney’s receipt might have the same effect.
If the instrument was filed in the court as evidence in a pending suit, so that it could not be withdrawn and actual delivery made, notice to the attorney having the control of the suit and the responsibility of the collection, and his undertaking, express or implied, to pay over the money to the assignee, or to act as his attorney in the collection, would be sufficient. If the debt in the present case, was represented at the time of the assignment, by the original note, then the delivery actually made was all that the case admitted, or that it was possible to make, and was sufficient, and no notice to the debtor was necessary.
There is no evidence in this case, that the note filed in this cause, had, at the date of the assignment, become merged in the decree; and in the absence of proof we must presume that it still remained as when filed.
Had it passed into decree, then the doctrine held in Coldfelter vs. Cox, would require that notice should have been given to the representatives of the debtor. *474 But as it still retained its character and effect as a promissory note, and the assignor had made as complete a delivery, as the nature of the case admitted of, the title of the assignee was perfect, and must prevail over a subsequent attaching creditor.
It follows, that Jones,, Brown & Co., have the prior right to the fund in contest in this case.